**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**LORRAINE MASIE,**

                **Plaintiff,**

-vs-                                            **Case No. 6:04-cv-1067-Orl-22KRS**

**JO ANNE B. BARNHART, Commissioner**
**of Social Security,**

                **Defendant.**
_____/

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION FOR AWARD OF ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT (Doc. No. 15)**
>
> **FILED:** November 7, 2005
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED WITHOUT PREJUDICE**.

The plaintiff, Lorraine Masie, seeks an award of attorney's fees and expenses pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. A final judgment reversing the decision below was entered on September 30, 2005. Doc. No. 14. The EAJA requires a prevailing party to file an application for attorney's fees within thirty days of final judgment on the action. 28 U.S.C. § 2412(d)(1)(B). Here, the thirty-day clock has not yet started to run because "finality" does not attach to the judgment until the end of the sixty day period for filing an appeal. *Shalala v. Schaefer*, 509 U.S.

202, 302-03 (1993) ("An EAJA application may be filed until 30 days after a judgment becomes 'not appealable.' . . . Rule 4(a) of the Federal Rules of Appellate Procedure establishes that, in a civil case to which a federal officer is a party, the time for appeal does not end until 60 days after 'entry of judgment' . . . ."). Accordingly, the present motion is **DENIED** without prejudice to refiling it after the time for appealing from the judgment has run or any appeal is resolved.

**DONE** and **ORDERED** in Orlando, Florida on November 8, 2005.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties