# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**LORRAINE MASIE,**

**Plaintiff,**

**-vs-** **Case No. 6:04-cv-1067-Orl-KRS**

**JO ANNE B. BARNHART, Commissioner of Social Security,**

**Defendant.**

______________________________________/

## ORDER

This cause came on for consideration without oral argument on the following motions filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION TO REOPEN, AND PERMIT APPLICATION FOR ATTORNEY FEES (Doc. No. 19)** |
| **FILED:** | **August 2, 2006** |

**THEREON** it is **ORDERED** that the motion is **GRANTED** in part and **DENIED** in part.

| | |
|---|---|
| **MOTION:** | **PETITION FOR ATTORNEY'S FEES UNDER 42 U.S.C. § 1383(d)(2) AND § 406(b) (Doc. No. 20)** |
| **FILED:** | **August 2, 2006** |

**THEREON** it is **ORDERED** that the motion is **GRANTED**.

Bradley K. Boyd, Esq., counsel for Plaintiff Lorraine Masie seeks permission to reopen this case and file an application for attorney's fees pursuant to 42 U.S.C. § 406(b). It is not necessary for the Court to reopen the case to decide the issue of attorney's fees.

## I. PROCEDURAL HISTORY.

Masie applied for disability benefits under the Supplemental Security for the Aged, Blind and Disabled Program (SSI), 42 U.S.C. § 1381 *et seq*. This application was denied by the Commissioner of Social Security. Masie sought review of that decision by this Court. Doc. No. 1. On September 29, 2005, I entered an order under sentence four of 42 U.S.C. § 405(g), reversing the Commissioner's decision and remanding the case for further proceedings. Doc. No. 13. Judgment was entered on September 30, 2005. Doc. No. 14.

Masie then filed a petition for an award of attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Doc. No. 17. That motion was granted, and Masie was awarded $3,477.33 in attorney's fees. Doc. No. 18.

On remand, the Commissioner determined that Masie was entitled to receive SSI benefits. Doc. No. 19-2. On July 4, 2006, the Commissioner issued a Notice of Award advising Masie that she was entitled to past-due benefits. *Id*. Boyd represents that his office received the notice on July 19, 2006, but he offers no evidence to support this representation. Doc. No. 19-1.

Boyd represented Masie in the administrative proceedings and before this Court pursuant to a contingent fee agreement that provides for an attorney's fee award of 25% of any past-due benefits awarded. Doc. No. 20-3. Boyd avers that Masie was awarded $31,694.00 in past-due

benefits. Doc. No. 20-5 ¶ 2 (Boyd Aff.). In his petition, Boyd also states that nothing has been withheld from the past-due benefits for payment of attorney's fees. Doc. No. 20-1 ¶ 3.

Boyd now requests that the Court award to him additional fees pursuant to 42 U.S.C. § 406(b) in the amount of $7,923.50. Boyd represents that he will refund to Masie the $3,477.33 received under the EAJA. Doc. No. 18.[1] The Commissioner does not object to the relief requested. Doc. No. 21.

This matter is before me pursuant to the consent of the parties. Doc. Nos. 10, 12.

**II. ANALYSIS.**

The payment of fees in SSI cases is governed by 42 U.S.C. § 1383(d). Originally, only § 406(a), which governs payment of fees for work performed at the administrative level, was incorporated into § 1383(d). Section 406(b), which governs payment of fees for work performed before the court, was not. *See Bowen v. Galbreath*, 485 U.S. 74, 75 (1988). However, in the Social Security Protection Act of 2004 ("SSPA"), Pub. L. No. 108-203, Congress incorporated all of § 406 into § 1383(d). Pub. L. No. 108-203, sec. 302(a).

Boyd seeks attorney's fees pursuant to § 406(b), which provides, in relevant part, as follows:

> Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

---

[1] When attorney's fees are awarded under both § 406(b) and the EAJA, a social security claimant's attorney must "'refun[d] to the claimant the amount of the smaller fee.'" *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1277 (11th Cir.2006) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002)).

The statute further provides that it is unlawful for an attorney to charge, demand, receive or collect for services rendered in connection with proceedings before a court any amount in excess of that allowed by the court . *Id*. at (b)(2). Accordingly, to receive a fee under this statute, an attorney must seek court approval of the proposed fee, even if there is a fee agreement between the attorney and the client.

In *Bergen v. Commissioner of Social Security*, 454 F.3d 1273, 1277 (11th Cir. 2006), the United States Court of Appeals for the Eleventh Circuit held that § 406(b) "authorizes an award of attorney's fees where the district court remands the case to the Commissioner of Social Security for further proceedings, and the Commissioner on remand awards the claimant past-due benefits." Because Masie was awarded past-due benefits following remand, the Court may authorize an award of attorney's fees under § 406(b).

The first question is whether the present petition is timely. An application for fees under § 406(b) must be brought within the time provided by Federal Rule of Civil Procedure 54(d)(2), which requires filing a motion for attorney's fees within fourteen days "after entry of judgment." *Bergen*, 454 F.3d at 1277. In *Bergen,* the Eleventh Circuit declined to address when judgment is considered entered for purposes of a post-remand award of benefits. *Id*. The court stated that "[b]ecause the Commissioner has not objected to the timeliness of the attorney's fees petitions, we do not address this issue in this case and merely hold that the petitions were timely." *Id*. at 1277-78.

Of course, the Commissioner has no incentive to object to motions that were not timely filed; she only wishes to be told to whom she should pay past-due benefits that have been awarded.

The plaintiff similarly will not often be heard to object because the plaintiff is represented by counsel and thus, cannot ordinarily be heard in *pro per*. Nevertheless, the Eleventh Circuit having held that the petitions filed more than fourteen days after the decision on remand was issued should be considered absent objection, this Court is bound to follow the decision. No objection having been made to the timeliness of the present petition, I will treat it as timely filed.

The next question the Court must resolve is whether the requested fee is reasonable. *See Gisbrecht*, 535 U.S. 789, 807 (2002). The burden is on counsel for the successful claimant to show that the fee sought is reasonable for the services rendered. *Id.* "[T]he court may require the claimant's attorney to submit . . . a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." *Id.* at 808. The Court observed that the contingent fee may be reduced when the fee is not commensurate with "the character of the representation and the results . . . achieved" or when the past-due benefits "are large in comparison to the amount of time counsel spent on the case. . . ." *Id.*

In support of his argument that the fees he seeks are reasonable, Boyd presented the contingent-fee agreement signed by Masie, an affidavit and a timesheet reflecting the hours he worked in the case. Doc. No. 20-3 (Fee Agreement), 20-4 (Timesheet) and 20-5 (Boyd Aff.). The Fee Agreement limits the fees Boyd may recover to 25% of any past-due benefits awarded, although it permits attorney's fees that exceed 25% of past-due benefits to the extent that the Court requires the government to pay a portion of the attorney's fees. Boyd correctly concedes, however, that he must refund to Masie the EAJA fee he received. Thus, I conclude that the Fee Agreement as applied limits the attorney's fee Boyd can recover to a total of 25% of the past-due

benefits awarded. The requested fee award, $7,923.50, is 25% of the past-due benefits awarded to Masie.

In support of his contention that the requested fee is reasonable, Boyd avers that he is an attorney who has represented claimants before the Social Security Administration since 1993. Boyd Aff. ¶¶ 1, 4. He attests that his normal hourly rate in non-contingent fee matters is $200.00 per hour.[2] He further avers that no claimant has agreed to employ him on a non-contingent fee basis in a social security case. *Id.* ¶ 6.

The Timesheet shows that Boyd worked 23.26 hours on this case. Timesheet at 2-3. My review of the file reflects that this was a contested matter before this Court. The administrative record was 371 pages long. Doc. No. 6. This Court gave the matter careful review, as reflected in the eighteen-page order deciding the case. Doc. No. 13. As a result of Boyd's work, Masie was successful on remand of her claim for further consideration.

Further, the Fee Agreement reflects that Masie was cognizant that the attorney's fee she was agreeing to pay Boyd "could amount to several hundred dollars per hour on an hourly basis" but that she was "satisfied that this is a fair fee agreement" based on her knowledge of legal fees in the community. Fee Agreement ¶ III.

Under these circumstances, I conclude that the requested attorney's fee is reasonable. *See, e.g.*, *Thomas v. Barnhart*, 412 F. Supp. 2d 1240 (M.D. Ala. 2005) and cases cited therein.

---

[2] The Timesheet reflects a rate of $151.65 per hour. This was the adjusted hourly rate available under the EAJA at the time Masie submitted her motion for EAJA fees. *See* Doc. No. 17-1. Therefore, I find that the Timesheet does not undermine Boyd's testimony that his regular non-contingent fee rate is $200.00 per hour.

**III. ORDER.**

Accordingly, it is **ORDERED** that Bradley K. Boyd, Esq., is allowed a fee under § 406(b) in the amount of $7,923.50. However, he may only charge and collect from Masie the sum of $4,446.17, which is the difference between the § 406(b) and the EAJA fee previously awarded.

It is further **ORDERED** that Boyd shall promptly provide a copy of this Order to Masie. If Masie objects to the award of attorney's fees, she may file an objection with this Court on or before September 15, 2006.

**DONE** and **ORDERED** in Orlando, Florida on August 22, 2006.

Karla R. Spaulding

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties